UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUSAN FIELDS, ) | |
| on behalf of herself ) | |
| and others similarly-situated ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-1177-RLY-TAB |
| ) | |
| ADAMS AND ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO
COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, Adams and Associates, Inc., files its Answer and Affirmative Defenses in response to Plaintiff's Complaint and Demand for Jury Trial ("Complaint"), repeating the allegations in the Complaint and responding to those allegations as follows:

1. Plaintiff, Susan Fields ("Fields"), on behalf of herself and others similarly-situated (hereinafter collectively referred to as "Plaintiffs, unless otherwise identified herein"), brings this cause of action against Defendant, Adams and Associates, Inc. ("Defendant"), pursuant to the Fair Labor Standards Act ("FSLA"), 29 U.S.C. §201 et seq.

**ANSWER:** Defendant neither admits nor denies the allegations in paragraph 1 regarding the basis of Plaintiff's claims because they are legal conclusions and not issuable facts. Answering further, however, Defendant admits that Plaintiff purports to proceed as set forth in paragraph 1, but denies that Plaintiff or any other purportedly similarly-situated individuals are entitled to any relief under the same.

**Parties**

2. Fields has resided within the Southern District of Indiana at all relevant times.

**ANSWER:** Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 2 of the Complaint and therefore denies the same.

3. Defendant is a corporation operating within the Southern District of Indiana.

**ANSWER:** Defendant admits the allegations contained in paragraph 3 of the Complaint.

**Jurisdiction and Venue**

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 29 U.S.C. §216(b).

**ANSWER:** Defendant neither admits nor denies the allegations in paragraph 4 regarding jurisdiction because they are legal conclusions and not issuable facts. Answering further, however, Defendant admits that this Court could have jurisdiction over bona fide claims under the FLSA, but denies that Plaintiff is entitled to any relief under the same. Additionally, Defendant is without knowledge or information sufficient to admit or deny the allegations concerning "others similarly situated" and therefore denies the same.

5. Plaintiffs are former and current employees of Defendant who have worked as Senior Residential Advisors and Residential Advisors at Defendant's Camp Atterbury and Indianapolis sites and are/were "employees" within the meaning of 29 U.S.C. §203(e).

**ANSWER:** Defendant neither admits nor denies the allegation that Plaintiff and other former and current employees of Defendant are/were "employees" within the meaning of 29 U.S.C. § 203(e) because it is a legal conclusion and not an issuable fact. Answering further, however, Defendant denies that Plaintiff is entitled to any relief under the statute cited in paragraph 5 of the Complaint.

6. Defendant is an "employer" within the meaning of 29 U.S.C. §203(d).

**ANSWER:** Defendant neither admits nor denies the allegation that it is an "employer" within the meaning of 29 U.S.C. § 203(d) because it is a legal conclusion and not an issuable fact. Answering further, however, Defendant denies that Plaintiff is entitled to any relief under the statute cited in paragraph 6 of the Complaint.

7. Fields brings this action, pursuant to 29 U.S.C. §216(b), on behalf of herself and other similarly-situated Senior Residential Advisors and Residential Advisors who have been employed by Defendant during the applicable statutory period.

**ANSWER:** Defendant neither admits nor denies the allegations in paragraph 7 regarding the basis of Plaintiff's claims because they are legal conclusions and not issuable facts. Answering further, however, Defendant admits that Plaintiff purports to proceed as set forth in paragraph 7, but denies that Plaintiff or any other individual is entitled to any relief under the same.

8. Venue is proper in this Court.

**ANSWER:** Defendant neither admits nor denies the allegations in paragraph 8 regarding venue because they are legal conclusions and not issuable facts. Answering further, however, Defendant does not dispute venue.

## IV. Factual Allegations

9. Defendant hired Fields to work as a Residential Advisor in or about October 2006.

**ANSWER:** Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Fields worked as a Residential Advisor until her separation on July 23, 2010.

**ANSWER:** Defendant admits the allegations in paragraph 10 of the Complaint.

11. As a Residential Advisor, Fields was responsible for, among other things, supervising the dorms and the students in the Job Corps Program at Camp Atterbury.

**ANSWER:** Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Fields worked 40 or more hours per week.

**ANSWER:** Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant paid Fields on an hourly basis.

**ANSWER:** Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Throughout Fields' employment, Defendant scheduled her to work a nine-hour shift each day for five days per week, with one hour each day intended for an unpaid lunch.

**ANSWER:** Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. From in or about October 2006 to in or about March 2010, Defendant required that Fields perform work during her lunch.

**ANSWER:** Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant, however, did not compensate Fields for each lunch she worked between in or about October 2006 to in or about March 2010.

**ANSWER:** Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant required that Fields work many times beyond her scheduled shifts.

**ANSWER:** Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant, however, did not compensate Fields for the time she worked beyond her scheduled shifts.

**ANSWER:** Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Fields, therefore, worked more than 40 hours nearly each week but was not compensated for the overtime hours worked by her.

**ANSWER:** Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant has employed other Senior Residential Advisors and Residential Advisors since 2007.

**ANSWER:** Defendant admits the allegations contained in paragraph 20 of the Complaint.

21. As Senior Residential Advisors and Residential Advisors, they have been responsible for, among other things, supervising the dorms and the students in the Job Corps Program at Camp Atterbury and Indianapolis.

**ANSWER:** Defendant admits that as Senior Residential Advisors and Residential Advisors, individuals have been responsible for, among other things, supervising the dorms and the students in the Job Corps Program at Camp Atterbury. Defendant denies the remaining allegations contained in paragraph 21 of the Complaint.

22. Plaintiffs have worked 40 or more hours per week.

**ANSWER:** Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant paid Plaintiffs on a hourly basis.

**ANSWER:** Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 23 of the Complaint and therefore denies the same.

24. Defendant has scheduled Plaintiffs to work a nine-hour shift each day for five days per week, with one hour each day intended for an unpaid lunch.

**ANSWER:** Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Up to in or about December 2008, Defendant has required that Plaintiffs perform work during their lunch.

**ANSWER:** Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant, however, has not compensated Plaintiffs for each lunch worked.

**ANSWER:** Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant has required that Plaintiffs work many times beyond their scheduled shifts.

**ANSWER:** Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant, however, has not compensated Plaintiffs for the time worked beyond their scheduled shifts.

**ANSWER:** Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Plaintiffs, therefore, have worked more than 40 hours each week but have not been compensated for the overtime hours worked by them.

**ANSWER:** Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. The overtime hours spent by Fields and Plaintiffs have constituted work performed for Defendant and have served as a measurable benefit to Defendant.

**ANSWER:** Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The time spent by Fields and Plaintiffs has constituted employment for which they should have received wages from Defendant.

**ANSWER:** Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant has failed to pay overtime wages to Fields and Plaintiffs for the time spent by them beyond 40 hours per week, resulting in unpaid overtime.

**ANSWER:** Defendant denies the allegations contained in paragraph 32 of the Complaint.

### Fair Labor Standards Act

33. Plaintiffs hereby incorporate paragraphs 1-32 of their Complaint.

**ANSWER:** Defendant repeats each and every response contained in paragraphs numbered 1 through 32 with the same force and effect as if more fully set forth herein and denies each and every allegation not unequivocally admitted herein above.

34. Defendant has failed to compensate Plaintiffs for all overtime wages earned by them.

**ANSWER:** Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Plaintiffs have suffered injury as a result of Defendant's unlawful conduct.

**ANSWER:** Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant's actions have been intentional, willful, and in reckless disregard of Plaintiffs' rights as protected by the FLSA.

**ANSWER:** Defendant denies the allegations contained in paragraph 36 of the Complaint.

### AS TO "Request for Relief"

Defendant denies Plaintiff is entitled to the relief demanded in the "WHEREFORE" clause, including paragraphs 1 through 6 thereof, and further denies any allegation and claim in Plaintiff's Complaint not unequivocally admitted herein.

## AS TO "DEMAND FOR JURY TRIAL"

Defendant denies Plaintiff's allegations as to matters not properly triable by a jury.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses:

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted because, among other reasons, Plaintiff was paid for all time worked, including time and one-half her regular hourly rate for all hours worked in excess of forty in any workweek during the period of time she was employed. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

## SECOND DEFENSE

To the extent that the period of time alluded to in Plaintiff's Complaint, or the period of time alleged later in this action, predates the applicable limitations period, such claims of Plaintiff are barred. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work she performed falls within exemptions, exclusions, exceptions, offsets or credits, including those provided for in Section 7 of the FLSA, 29 U.S.C. § 207. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

## SIXTH DEFENSE

Defendant, at all times, acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the FLSA, and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

## SEVENTH DEFENSE

This case may not be maintained as a collective action because the named Plaintiff is not similarly situated to or otherwise an adequate representative for the persons whom she purports to represent and, thus, she cannot satisfy the requirements under 29 U.S.C. § 216.

## EIGHTH DEFENSE

There are no employees of Defendant who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b), and, as such, a collective action cannot be maintained.

## NINTH DEFENSE

To the extent that discovery reveals that Plaintiff falsely reported hours of work and there is no evidence that Deendant authorized, suffered or permitted the false reporting of hours, Defendant invokes the doctrines of estoppels and avoidable consequences to bar the claims asserted by Plaintiff.  *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).  This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed, refused or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint, if any.  This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

## ELEVENTH DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands and laches.  This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

### TWELFTH DEFENSE

Even if Defendant has, in fact, failed to pay Plaintiff for any of the activities alleged in Plaintiff's Complaint, such activities do not constitute compensable work under the FLSA and furthermore, such activities were not an integral and indispensible part of Plaintiff's principal activities of employment and are not compensable.  This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of the FLSA and the Portal-to-Portal Act, including 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities or incidental to them.  This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*  This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

### FIFTEENTH DEFENSE

Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.  This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

**SIXTEENTH DEFENSE**

Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

**SEVENTEENTH DEFENSE**

Assuming *arguendo* that Defendant violated any provision of the FLSA, such violation was not pursuant to a uniform policy or plan and no liability exists and/or a collective action cannot be maintained. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

**EIGHTEENTH DEFENSE**

Plaintiff lacks standing to file and/or prosecute this action against Defendant and/or recover any attorneys' fees or other relief.

Defendant's investigation and discovery efforts are ongoing. Therefore, Defendant reserves the right to timely amend its Affirmative and Other Defenses, as appropriate.

WHEREFORE, the Complaint should be dismissed and Defendant should be awarded its costs and such other relief as the Court deems just and reasonable.

Respectfully submitted,

/s/ Michael W. Padgett
Michael W. Padgett
Jackson Lewis, LLP
201 North Illinois Street, Suite 1600
Indianapolis, Indiana 46204
Tel:   (317) 489-6930
Fax:   (317) 610-3202
E-mail: padgettm@jacksonlewis.com

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>John H. Haskin
>Bradley L. Wilson
>Ryan P. Sink
>Haskin & LaRue, LLP
>225 North Alabama Street, 2nd Floor
>Indianapolis, Indiana 46204
>jhaskin@hlllaw.com
>bwilson@hlllaw.com
>rsink@hlllaw.com

>/s/ Michael W. Padgett

4826-7192-1672, v. 1