UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SUSAN FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-01177-RLY-MJD |
| | ) | |
| ADAMS AND ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**SCHEDULING ENTRY**
**HON. MARK J. DINSMORE, MAGISTRATE JUDGE**

This case is assigned for an initial pretrial conference on **Tuesday, February 15, 2011, at 2:45 p.m., in Room 257**, United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. The parties shall file a proposed Case Management Plan ("CMP") no fewer than **seven days** before the pretrial conference. Unless the parties agree there are compelling reasons for a departure, the CMP shall be in the format set forth in the model CMP[1] found on the Court's website (www.insd.uscourts.gov). At a minimum, the Plan should include:

   1. The format in which electronically stored information will be produced by each party (this may be different as to each party to accommodate the particular resources of that party); and

   2. An appropriate claw back provision to deal with the production of potentially privileged material.

In advance of the initial pretrial conference, counsel shall plan for discovery and conduct the conference required by Fed. R. Civ. P. 26(f). Represented parties shall attend the initial pretrial conference by counsel. Clients are not required (but are permitted) to attend this

---

[1] Please note that the magistrate's CMP summary is no longer required.

conference. Counsel shall appear in person unless they obtain leave to appear at the pretrial conference by telephone. Leave to appear by telephone will be freely granted to counsel outside the Indianapolis Division; such counsel may request to participate by telephone by calling chambers at 317-229-3901. Counsel within the Indianapolis Division are expected to appear in person.

Counsel who attend the conference must have their appearance on file. At the conference, counsel should be prepared to discuss:

1. The volume of electronically stored information identified by each party as potentially relevant in this matter;

2. Each party's plan for collection of electronically stored information;

3. The software tools each party intends to use to manage electronically stored information;

4. The format in which electronically stored information will be produced by each party (this may be different as to each party to accommodate the particular resources of that party);

5. Any electronically stored information that has been identified as not reasonably accessible;

6. How issues relating to the production of potentially privileged information will be handled, including inclusion of an appropriate claw back provision to deal with the production of potentially privileged material;

7. How exhibits will be identified during the discovery process consistent with the Court's trial procedures;

8. The types and number of witnesses the parties anticipate may provide evidence under Federal Rule of Evidence 702, 703 or 705;

9. Any issues anticipated at the outset regarding the scope or nature of discovery anticipated in the case;

10. Any anticipated deviations from the established limitations on discovery;

11. Any anticipated need for the entry of a protective order in the matter; and

12. How soon the parties anticipate being in a position to discuss settlement of the matter and what specific items of discovery need to be completed prior thereto, and how that necessary discovery can be accomplished as quickly and efficiently as possible.

So ORDERED.

Date: 01/05/2011

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

John H. Haskin
HASKIN LAUTER & LARUE
jhaskin@hlllaw.com

Michael W. Padgett
JACKSON LEWIS LLP
padgettm@jacksonlewis.com

Ryan Patrick Sink
HASKIN LAUTER & LARUE
rsink@hlllaw.com

Bradley L. Wilson
HASKIN LAUTER & LARUE
bwilson@hlllaw.com